UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALE JACKSON,<br><br>               Plaintiff,<br>    v.<br><br>DISTRICT OF COLUMBIA DEP'T OF HEALTH,<br><br>AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES<br>80 F. Street, NW<br>Washington, D.C. 20001,<br><br>               Defendants. | Civil Action No. 06-1347-EGS<br>Judge Emmet G. Sullivan |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12 (b)(1), (4), (5) and (6), defendants AFGE National and AFGE Local 2978 hereby respectfully move to dismiss the above-captioned case for lack of jurisdiction, failure to state a claim and insufficiency of process and insufficiency of service of process. As grounds for this request, they rely on the points and authorities set forth in the memorandum accompanying this motion.

                                  Respectfully submitted,

                                  /s/Mark D. Roth_____
                                  Mark D. Roth (D.C. Bar. No. 235473)
                                  General Counsel

                                  /s/Andres M. Grajales_____
                                  Andres M. Grajales (D.C. Bar No. 476894)
                                  Staff Counsel, AFGE
                                  80 F Street, NW
                                  Washington, D.C. 20001
                                  Tel.:  (202) 639-6426

                                  Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
DALE JACKSON,                              )
                                           )
               Plaintiff,            )
    v.                                   )
                                           )   Civil Action No. 06-1347-EGS
DISTRICT OF COLUMBIA DEP'T OF              )   Judge Emmet G. Sullivan
HEALTH,                                    )
                                           )
AMERICAN FEDERATION OF                     )
GOVERNMENT EMPLOYEES                       )
80 F. Street, NW                           )
Washington, D.C. 20001,                    )
                                           )
               Defendants.           )
_____)

**DEFENDANTS' MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

**INTRODUCTION**

In his complaint styled "Plaintiff Amended Complaint", Plaintiff appears to assert claims against both the American Federation of Government Employees, Local 2978 (Local 2978) and the American Federation of Government Employees National Headquarters (AFGE National) (collectively "the Unions").[1] Complaint, pgs. 1 and 13.[2]

---

[1] In addition to naming the District of Columbia Dep't of Health as a defendant, the Complaint names "AMERICAN FEDERATION OF GOV. EMP., 80 F STREET, N.W., WASHINGTON D.C. 20001-1583 LOCAL 2978" as a defendant. The National Office of AFGE and AFGE Local 2978 are two separate entities. While AFGE National is located at 80 F. Street, Local 2978 is not. Because the Complaint fails to distinguish between the two but refers to both at various points, it is unclear whether Plaintiff intended to name AFGE National, Local 2978 or both as defendants. Nevertheless, Counsel is responding on behalf of both entities with the instant Motion to Dismiss because dismissal of the complaint is proper regardless of whether AFGE National, Local 2978 or both are the named defendants. Moreover, the Unions do not waive any defenses with regard to deficiencies in the complaint.

The Unions hereby move to dismiss Plaintiff's complaint against them for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to F.R.C.P. 12(b)(1) and 12(b)(6). Moreover, the Union's move to dismiss Plaintiff's complaint for insufficiency of process and insufficiency of service of process pursuant to F.R.C.P. 12(b)(4) and 12(b)(5).

In substance, Plaintiff alleges that either Local 2978, AFGE National or both of these two defendants breached a contract with Plaintiff by failing to help him in contesting his employment reassignment by defendant District of Columbia Department of Health (DOH). Complaint, pgs. 5, 11 and 12.

According to the complaint, Plaintiff has worked for DOH for the past fifteen years. Plaintiff further claims that approximately two years ago he was temporarily assigned to a DOH drug prevention program known as "APRA" after DOH received complaints regarding Plaintiff's conduct. Complaint, pg 2. Plaintiff alleges his reassignment should have been limited to sixty days but instead has continued until the present. Id. The crux of Plaintiff's complaint is thus that he is unhappy with the prolonged nature of his reassignment by DOH and believes that the Unions should have helped him in challenging it.

The complaint must be dismissed for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1) because the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §1-601 et seq., which governs employment matters within the District of Columbia, preempts this Court's jurisdiction over matters falling within the CMPA's scope. See e.g., Holman v. Williams, 436 F. Supp.2d 68, 74 (D. D.C. 2006)

---

[2] Because Plaintiff's complaint lacks both paragraphs and pagination (in violation of F.R.C.P. 10(b)) this memorandum refers to the complaint by page number; beginning with the complaint's caption page as page

2

("Preemption by the CMPA divests the trial court – whether it be the Superior Court or this [U.S. District] Court – of subject matter jurisdiction"); see also Stockard v. Moss, 706 A.2d 561, 567 (D.C. 1997) ("[T]he CMPA provides the exclusive remedy for claims falling within its ambit").

Although Plaintiff labels his claim against the Unions as an action for breach of contract, what plaintiff actually alleges is that the Unions failed to assist him. Allegations that a District of Columbia employees union failed to assist a District of Columbia employee in challenging an employment action are, in reality, allegations that the union breached its duty of fair representation owed to the employee. A duty, it is important to note, the Unions could only have owed to Plaintiff by virtue of their status as labor organizations. The CMPA brings allegations such as Plaintiff's within its scope by making it an unfair labor practice for a union to breach its duty of fair representation. Therefore, this Court lacks jurisdiction to address Plaintiff's claims.

Alternatively, the complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under F.R.C.P. 12(b)(1) and (6). To the extent Plaintiff alleges a pure contract action, this Court is without jurisdiction because Plaintiff fails to assert either diversity or federal question jurisdiction. Moreover, the complaint fails to allege the necessary elements to support a breach of contract action against the Unions.

Further, the complaint should also be dismissed pursuant to F.R.C.P. 12 (b)(4) and 12(b)(5), for insufficiency of process and insufficiency of service of process, because Plaintiff has failed to allege service upon any appropriate officer or agent of the Unions and, in fact, appears not to have served Local 2978 at all. Cf. Complaint, pg.1.

---

1.

I. **THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S ALLEGATIONS THAT THE UNIONS REFUSED TO ASSIST HIM IN CONTESTING HIS REASSIGNMENT**

A. The District of Columbia Public Employee Relations Board Has Exclusive Jurisdiction Over Plaintiff's Allegations.

The CMPA was enacted as "a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions." District of Columbia v. Thompson, 593 A.2d 621, 634 (D.C. App. 1991) cert. denied, 502 U.S. 942 (1991). In keeping with the CMPA's intent to address nearly all personnel issues arising in the District of Columbia, the District of Columbia Court of Appeals has consistently reinforced the CMPA's broad preemptive scope. See e.g., Baker v. District of Columbia, 785 A.2d 696, 697-98 (D.C. 2001) (CMPA is exclusive remedy for D.C. employees; "the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures").

As indicated above, the CMPA makes a union's alleged breach of its duty of fair representation an unfair labor practice. See D.C. Code §§ 1-617.04 (b)(1), 1-617.11(a) (2005); see also, Hoggard v. District of Columbia Public Employee Relations Bd., 655 A.2d 320, 321, n. 2 (D.C. 1995) ("breach of an employee's right to be fairly represented by the labor organization certified as the exclusive representative for the employee's collective bargaining unit is an unfair labor practice").

Further, the CMPA gives the District of Columbia Public Employee Relations Board ("PERB") exclusive jurisdiction over unfair labor practice allegations involving a union's alleged breach of the duty of fair representation. See D.C. Code §1-605.02(3); see also Hawkins v. Hall, 537 A.2d 571, 575 (D.C. 1988)("[P]rimary jurisdiction to

4

determine unfair labor practice claims lies with the PERB, subject only to review by the courts under well-established principles of administrative law"). In addition, the District of Columbia Court of Appeals has made it clear that an employee may not defeat PERB's exclusive jurisdiction over such unfair labor practice allegations by attempting to style a complaint against his union as a common law breach of contract. See Cooper v. AFSCME, Local 1033, 656 A.2d 1141 (D.C. 1995).

Thus, under the CMPA's statutory scheme, an employee, such as Plaintiff, who claims that his union refused to assist him in challenging an employment action, such as Plaintiff's reassignment, alleges a breach of the union's duty of fair representation; which is an unfair labor practice that may only be pursued before PERB. See Thompson, 593 A.2d at 626 ("[e]mployees dissatisfied with their union's representation may appeal to PERB").

In Cooper, supra, the plaintiff, a District of Columbia employee, appealed the District of Columbia Superior Court's dismissal of his complaint for lack of subject matter jurisdiction. The plaintiff had brought suit against his union, the American Federation of State, County and Municipal employees (AFSCME), alleging that AFSCME had breached both a contract with the plaintiff and its duty of fair representation owed to him by failing to assist him in contesting the District of Columbia General Hospital's termination of his employment. Id at 1142. The Superior Court dismissed the plaintiff's complaint finding that, "under well –established District caselaw, the Public Employee Relations Board has exclusive, original jurisdiction over claims that a union has breached its duty of fair representation." Id. The court also found

5

that the plaintiff, "could not defeat PERB's jurisdiction over the claim by alleging the same conduct constituted a breach of contract under the common law." Id.

In affirming the lower court's dismissal of Cooper's complaint, the District of Columbia Court of Appeals reiterated that PERB retains, "exclusive, original jurisdiction to determine 'whether a particular breach (or alleged breach) of the duty of fair representation is also an unfair labor practice.'" Id at 1142-1143, quoting Hawkins, 537 A.2d at 575 n.8.

The Cooper court also emphasized the settled rule that, "where PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim". Cooper, 656 A.2d at 1144. Moreover, the court specifically held that a plaintiff, "cannot defeat the exclusive jurisdiction in PERB by casting his complaint against the union for breach of duty of fair representation in the form of a common law breach of contract." Id.

Plaintiff's allegations in the instant case are nearly identical to the facts in Cooper and the same result should obtain. Here, as in Cooper, Plaintiff admits that he is a District of Columbia employee employed by DOH. Complaint pg. 2. Also, as in Cooper, Plaintiff asserts that he is (or was at the unspecified time his alleged cause of action arose) a dues paying AFGE union member. Complaint pg. 5. Moreover, again, as in Cooper, Plaintiff alleges that he sought assistance from his union regarding an employment action, his reassignment, and further alleges that his union refused to help him. Complaint, pgs. 5-11.

While Plaintiff's complaint provides few details other than those above, Plaintiff's allegations against the Unions are sufficient to determine that Plaintiff seeks to

6

do precisely what the Court of Appeals forbid in Cooper; bring an unfair labor practice allegation, disguised as a common law cause of action, to court. In the end, it cannot be disputed that the instant complaint alleges matters exclusively committed to the PERB's original jurisdiction. Therefore, this Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Moreover, this Court should dismiss Plaintiff's complaint against the Unions with prejudice because, as shown above, there is no court with original jurisdiction to hear Plaintiff's unfair labor practice allegations. Such allegations may only be pursued before PERB. Further, even were Plaintiff to attempt to amend his complaint to allege a pure breach of a contract claim, PERB would still have exclusive original jurisdiction over such an allegation. Cooper at 1144. Therefore, for all the reasons stated above, this Court should dismiss Plaintiff's complaint against the Unions with prejudice.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

To the extent Plaintiff raises an independent breach of contract claim, the complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff fails to allege federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Because federal jurisdiction may not be assumed, Plaintiff's failure to even allege federal jurisdiction requires the complaint's dismissal. See e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed. 650 (1986) (federal question jurisdiction not assumed); see also Novak v. Capital management and Development Corp., 452 F.3d. 902, 906 (D.C. Cir. 2006) (party who asserts diversity jurisdiction bears burden of pleading citizenship of all parties to the action).

7

The complaint must also be dismissed for failure to state a claim because it quite simply fails to allege any facts sufficient to support a breach of contract action against either AFGE National or Local 2978. Specifically, Plaintiff fails to allege: who the precise parties to the alleged contract are or were; when such a contract was executed; whether the alleged contract was written or oral; what the terms of such a contract are or were; and in exactly what way the alleged contract was breached. See e.g., Jack Baker, Inc. v. Office Space Development Corp., 664 A.2d 1236, 1240 (D.C. 1995)(before the question of breach may even be reached plaintiff must first show existence of a valid contract).

Further, the complaint also fails to specify how the alleged breach of the alleged contract damaged Plaintiff and, in fact, fails to seeks any relief *vis a vis* the Unions. Indeed, the only relief Plaintiff actually seeks is reinstatement to his original position with his employer, DOH; something the Unions could not grant even were Plaintiff successful in pursuing his allegations. Complaint, pg. 11.

Ultimately, the complaint merely alleges the legal conclusion that a contract between the parties was somehow breached. Because Plaintiff fails to support this legal conclusion with any facts, this Court should disregard Plaintiff's legal conclusion and dismiss his complaint against the Unions under F.R.C.P. 12(b)(6) for failure to state a claim. See Hollman at 73, quoting National Treasury Employees Union v. U.S., 101 F.3d 1423, 1430 (D.C. Cir. 1996) (federal courts considering 12 (b)(6) motions are not obligated to accept a plaintiff's unsupported legal conclusions or factual inferences).

Moreover, to the extent Plaintiff alleges that AFGE National breached a putative duty of fair representation owed to him, the complaint cannot be sustained. It is well

8

established that the statutory duty to represent lies with the union certified as the exclusive representative.  See <u>Department of Public Works and AFGE, Local 631, 872, 2553, and 1975</u>, PERB Case No. 84-R-08 (1984).  In this case, Local 2978 is the certified representative of DOH bargaining unit of employees like Plaintiff. Cf. <u>AFGE, Local 2978 and D.C. Dep't of Health, MFHA</u>, PERB Case No. 01-RC-02, 49 D.C. Reg. 8964 (2002). Consequently, any statutory duty owed with regard to employees at DOH lies with Local 2978.  Thus, AFGE National has no statutory duty of fair representation owed to Plaintiff and absent such a statutory obligation, AFGE National cannot be held liable for an alleged breach of that duty.

### III.  THIS COURT SHOULD DISMISS ALL PLAINTIFF'S CLAIMS AGAINST THE UNION FOR INSUFFICENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS

This Court should dismiss all claims against the Unions pursuant to F.R.C.P. 12(b)(4) and 12(b)(5) due to the insufficiency of process and insufficiency of service of process.  F.R.C.P. 4(h) requires service of process upon an association to be effected either in a manner prescribed for individuals, or,

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process….

In the instant case, Plaintiff makes no allegation that he effected service of his Summons and Complaint upon any of the defendants named in the complaint. Further, Plaintiff has failed to file any Certificate of Service or other proof of service with the Court. Moreover, Plaintiff has not complied with the requirements of F.R.C.P. 4 (h) by failing to even allege service upon an appropriate officer or agent of either AFGE

9

National or Local 2978. Therefore, this Court should dismiss Plaintiff's complaint for insufficiency of process and insufficiency of service of process.

## IV.     CONCLUSION

For all the reasons stated above, the Unions respectfully request that this Court dismiss Plaintiff's complaint against them with prejudice.

Respectfully submitted,

/s/Mark D. Roth_____
Mark D. Roth (D.C. Bar No. 235473)
General Counsel


/s/Andres M. Grajales_____
Andres M. Grajales (D.C. Bar No. 476894)
Staff Counsel
American Federation of Government
Employees, AFL- CIO
80 F Street, NW
Washington, D.C. 20001
Tel.:  (202) 639-6426

Counsel for the Unions

## **CERTIFICATE OF SERVICE**

I hereby affirm and certify that complete copies of the DEFENDANTS' MOTION TO DISMISS, MEMORANDUM IN SUPPORT THEREOF, AND PROPOSED ORDER in <u>Jackson v. D.C. Dep't of Health</u>, *et ano*, Civil Action No. 06-1347-EGS, were served this 1st day of September, 2006 via first class mail, postage prepaid, to the following:

>DALE JACKSON
>2926 STRAUSS TERRACE
>SILVER SPRING, MD 20904
>
>DISTRICT OF COLUMBIA
>DEP'T OF HEALTH
>825 NORTH CAPITOL STREET
>WASHINGTON, DC

The above two parties are also entitled to be served with any future pleadings or orders in this matter.

>  /s/Andres M. Grajales_____
> Andres M. Grajales (D.C. Bar No. 476894)
> American Federation of Government Employees, AFL-CIO
> 80 F Street, NW
> Washington, D.C. 20001
> (202) 639-6426