UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALE JACKSON,

    Plaintiff,

    v.

DEPARTMENT OF HEALTH, *et al.*,

    Defendants.

C.A. No. 06-1347 (EGS)

### THE DEPARTMENT OF HEALTH'S MOTION TO DISMISS

    The District of Columbia Department of Health (DOH), through counsel, moves this Honorable Court to dismiss this action. As grounds, this defendant states that the District of Columbia Department of Health is *non sui juris*. Moreover, this Court should dismiss all claims against the DOH pursuant to Fed. R. Civ. Pro. 12 as plaintiff failed to state a claim upon which relief may be granted, failed to provide proper service of sufficient process, and failure to exhaust his administrative remedies.

    On December 1, 2006, Defendant's counsel contacted Plaintiff to seek consent for the relief sought in this motion. Plaintiff responded that he did not feel capable of responding as he was not an attorney and would respond to the Court.

                                                                       Respectfully Submitted,

                                                                       EUGENE A. ADAMS
                                                                       Interim Attorney General for the District of Columbia

                                                                       GEORGE C. VALENTINE
                                                                       Deputy Attorney General
                                                                       Civil Litigation Division

        _____/s/_____
        NICOLE L. LYNCH [471953]
        Section Chief
        General Litigation § II

        _____/s/_____
        E. LOUISE R. PHILLIPS [422074]
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6519, (202) 724-6669
        louise.phillips@dc.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of Defendant's Motion to Dismiss was mailed, postage prepaid, this \_\_\_\_ day of December, 2006, to:

Dale Jackson, *Pro Se*
2926 Strauss Terrace
Silver Spring, MD 20904

        By:_____/s/_____
         E. LOUISE R. PHILLIPS [422074]
         Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DALE JACKSON,

    Plaintiff,

v.

DEPARTMENT OF HEALTH *et, al.*

    Defendants.

C.A. No. 06-1347
Judge Emmet G. Sullivan

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**THE DEPARTMENT OF HEALTH'S MOTION TO DISMISS**

**I. Factual Background**

Plaintiff filed his complaint on July 31, 2006, and alleged that defendant DOH improperly altered his work detail. (see Complaint, p. 12). Plaintiff named DOH and the American Federation of Government Employees as parties.

**II. Legal Argument**

    1. <u>Plaintiff's Complaint is Barred by the Administrative Exhaustion Provisions of the Comprehensive Merit Personnel Act.</u>

In his complaint, plaintiff alleges that defendant DOH improperly altered his work detail, clearly a personnel action which must be addressed by the Comprehensive Merit Personnel Act (CMPA). D. C. Official Code § 606.01 (ed. 2001). Under the provisions of the CMPA, D.C. Official Code § 1-606.01, *et seq.*, which is binding on the plaintiff, this Court does not have jurisdiction to consider an employment-related dispute in the first instance. *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. App. 1991) *cert. denied*, 502 U.S. 942 (1991). Therefore, the Court lacks jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1) and must dismiss plaintiff's complaint as a matter of law.

The plaintiff's employment with the District is governed by the CMPA. D.C.

3

Official Code § 1-606.01, *et seq.* Pursuant to the CMPA, the plaintiff must exhaust his administrative remedies before challenging an adverse employment action against the District of Columbia in a court of law. *Id.*

Pursuant to the broad scope of the CMPA, the District of Columbia Court of Appeals has consistently reinforced the CMPA's preemptive reach. *Armstead v. District of Columbia*, 810 A.2d 398, 400-01 (D.C. 2002); *Baker v. District of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (CMPA is the exclusive remedy for D.C. employees; "the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by the CMPA procedures"). Instead, the plaintiff must first seek relief from the D.C. Office of Employee Appeals ("OEA"). Only after the OEA issues a ruling can the plaintiff bring this issue to this forum for judicial review. *Id.* The D.C. Court of Appeals has held that:

> "with few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Baker v. District of Columbia 785 A.2d 696, 697 (D.C. 2001)* (citations omitted). As such, "'the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures.'" *Id. at 698* (internal quotations omitted).

*Armstead*, 810 A.2d at 400.

In *Thompson*, the D.C. Court of Appeals held that the CMPA constitutes the exclusive remedy for virtually all "instances where an employee claimed wrongful treatment cognizable under" the CMPA provisions addressing "performance ratings," "adverse actions," and employee "grievances." 593 A.2d at 635. There, the plaintiff brought suit for emotional distress and defamation, based on twenty-two memoranda written by her supervisor during her two-year employment with the District. *Id.* at 625, 635. The court upheld the dismissal of those claims, writing:

4

> It would seem, therefore, from the purpose and text of CMPA, including its judicial review provisions, that the Council "plainly intended" CMPA to create a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions – with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum.

*Id.* at 634 (footnote omitted).

The court also emphasized that the breadth of the CMPA—which covers most employee "grievance(s)"—is expansive; it encompasses "'any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees.'" *Thompson,* 593 A.2d at 626, n.6, quoting D.C. Code, §1-603.1(10). Thus, the D.C. Court of Appeals found that the D.C. Council, in enacting the CMPA, clearly intended to foreclose in-court litigation of all employee grievances "arising out of the employment relationship" in the first instance. *Thompson*, 593 A.2d at 624.

Here, similar to the *Thompson* emotional distress claim, the plaintiff's claims fall within the exclusive jurisdiction of the CMPA. As the D.C. Court of Appeals explained in *Thompson*, it is not the label placed on a cause of action that determines whether CMPA exhaustion is required. Rather, the court must examine the facts alleged by a plaintiff. If the facts involve a dispute "arising out of the employment relationship," the claim cannot be initiated in Superior Court. *Thompson*, 593 A.2d at 624.

2. <u>Plaintiff Fails to State a Claim Upon Which Relief May Be Granted.</u>

Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff fails to allege federal jurisdiction under either 28 U.S. C. § 1331 or 28 U.S.C § 1332. Federal jurisdiction may not be assumed and plaintiff's failure to allege federal jurisdiction requires that his complaint be dismissed. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed. 650 (1986) (federal question

5

jurisdiction not assumed); *see also Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (party who asserts diversity jurisdiction bears the burden of pleading the citizenship of all parties to the action).

In the final analysis, the complaint merely outlines the unsupported legal assumptions and factual inferences of the plaintiff. Because plaintiff fails to support his legal statements with any facts, this Court must dismiss his complaint against the DOH pursuant to Fed. R. Civ. Pro. 12(b)(6). *National Treasury Employees Union v. U. S.*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (federal courts considering 12(b)(6) motions are not obligated to accept plaintiff's unsupported legal conclusions or factual inferences).

3. <u>Plaintiff's Complaint is Barred Because the District of Columbia Department of Health is a Non Sui Juris Entity.</u>

The District of Columbia is a municipal corporation created by the United States federal government. The ability to claim relief against an agency or department within the District of Columbia government is dependent on a statutory grant. A noncorporate department or other body within a municipal corporation is not *sui juris*. <u>Arnold v. Moore</u>, 980 F. Supp. 28, 33 (D.D.C. 1997); <u>Fields v. District of Columbia Dept. of Corr.</u>, 789 F. Supp. 20, 22 (D.D.C. 1992); <u>Ray v. District of Columbia</u>, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are non <u>sui juris</u> entities); <u>Braxton v. National Capital Housing Authority</u>, 396 A.2d 215, 216 (D.C. 1978) (citations omitted); <u>Roberson v. District of Columbia Bd. Of Higher Ed.</u>, 359 A.2d 28, 31 n. 4 (D.C. 1976); <u>Miller v. Spencer</u>, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable). Accordingly, the complaint should be dismissed as against this defendant.

> 4. This Court Should Dismiss All Plaintiff's Claims Against the DOH for Insufficiency of Process, Insufficiency of Service of Process and Failure to Serve Within the Proper Time Period.

This Court should dismiss all claims against the DOH pursuant to F.R.C.P. 12(b)(4), 12(b)(5) due to the insufficiency of process, insufficiency of service of process and failure to follow the strictures of Fed. R. Civ. Pro. 4.

Fed. R. Civ. Pro. 4(h) requires service of process upon an association to be effected either in a manner prescribed for individuals, or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…

Plaintiff makes no allegation that he affected proper service of his Summons and Complaint upon any of the defendants named in the case. Moreover, Plaintiff has not complied with the requirements of Rule 4(h) by failing to even allege service upon an appropriate officer or agent of the Department of Health, or the District of Columbia. Thus, his complaint must be dismissed.

Rule 4(j) states that "service upon a … municipal corporation … subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for service …." *Id.* The local law service requirements are that a Plaintiff who wishes to sue the District of Columbia government must serve a copy of the summons, complaint and initial order on both the Mayor of the District of Columbia (or designee) and the Office of the Corporation Counsel (now the Office of the Attorney General for the District of Columbia)(or designee), in order to effectuate proper service. Plaintiff's

7

affidavit of service is either deficient or he did not comply with Rule 4(j) and therefore, his complaint must be dismissed.

Rule 4(m) sets forth the time limits for service of the summons and complaint. If the complaint and summons are not served upon the defendant within 120 days after filing the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action. Plaintiff filed his complaint on July 31, 2006 and no District defendant has not been properly served to date. The time period for service has lapsed and therefore, plaintiff's complaint must be dismissed.

## II. Conclusion

For the above stated reasons the defendant, DOH, respectfully requests that its motion to dismiss be granted.

                    Respectfully Submitted,

                    EUGENE A. ADAMS
                    Interim Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    _____/s/_____
                    NICOLE L. LYNCH [471953]
                    Section Chief
                    General Litigation § II

                    _____/s/_____
                    E. LOUISE R. PHILLIPS [422074]
                    Assistant Attorney General
                    441 4th Street, N.W., Sixth Floor South
                    Washington, D.C.  20001
                    (202) 724-6519, (202) 724-6669
                    louise.phillips@dc.gov

Case 1:06-cv-01347-EGS    Document 11    Filed 12/08/2006    Page 9 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALE JACKSON,

    Plaintiff,

    v.

DEPARTMENT OF HEALTH, *et al.*,

    Defendants.

C.A. No. 06-1347 (EGS)

### ORDER

**UPON CONSIDERATION** of The Department of Health's Motion to Dismiss the complaint in this matter, the memorandum of points and authorities in support thereof, any opposition thereto, and the entire record herein, it is, this ___ day of December, 2006,

**ORDERED,** that defendant's motion be, and the same is hereby, **GRANTED** for the reasons stated and incorporated in the memorandum of points and authorities**;** and it is further,

**ORDERED,** that plaintiff's complaint be, and the same is hereby, **DISMISSED WITH PREJUDICE.**

                                _____
                                The Honorable Judge Emmet G. Sullivan
                                United States District Court for the District of Columbia

Copies mailed to:

Dale Jackson, *Pro Se*
2926 Strauss Terrace
Silver Spring, MD 20904