United State District Court
For the District of Columbia

DALE Jackson
2926 Strauss Terrace
Silver Spring, MD.
20904
Plaintiff

v.

District of Columbia
Department of Health
825 North Capitol St. NE.
Wash. D.C. 20002
Defendants

American Federation of
Government Employee
80 F Street N.W.
Washington, DC. 20001
(Local 2978)   Defendant

Civil Action

No: 06-1347-EGS

Plaintiff Notice to Court

RECEIVED
MAR 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Temporary Reassignment & Detail

To the Court, as it is stated selection 836.2 - 836.4. A Temporary Reassignment may be made for a period not to exceed one year, and the employee may be restored to his or her former position without the use of Adverse Action procedures. To the court, this is true, so I the Plaintiff ask why must I the Plaintiff use so many Avenue of Adverse Action procedures to be restored back to my former position which was not to exceed 60 days.

836.3 To the court, a temporary reassignment exceeding one hundred twenty (120) day's to a position with established promotion potential greater than the currently held position shall be effected competitively.

Plaintiff has been detail for over 2½ years with no established promotion potential greater than the one the plaintiff held before his detail.

K. To the court, selection for detail of two hundred forty (240) days or less to a higher grade position or to a position with known promotion potential. To the court, the Plaintiff has been detail for over 2½ years to a grade no higher than the position held before the detail and to a position with no known promotion potential.

To the court, out of all the thing that are written about temporary reassignment or Detail there are no known statement as to why the two female employee were to return from there detail and the male Plaintiff was force to stay detail

without a return date, is it that the female employee are most likely to be return from a detail than male employee. To the court, that is two different policy and as I know it to be we are all Gov. by the same policy. To the court, why is it that the Plaintiff (male) employee was force to stay detail and the two female employee was Allow to return from there datail a few year's back to commit more violent act. not only for the employee and mangement at STD Control but within the Department of Health.

To the court the two female employee was detail at two different time years ago before this happen to the Plaintiff but still they was allow to return to there former position without adverse action procedure so why not the plaintiff in this case

Thank you

[signature]

Policy

To the court, It is against policy to Temporary Reassignment or Detail an employee without a formal written lettle five days before the Temp. Reassignment or Detail go in effective. After my first detail lettle of 60days had expire I the plaintiff never was given a formal written lettle. that would extend my detail for another 60days I was only given one (1) lettle or detail for the first 60day and there after I the Plaintiff don no exactly where I stood and that is against policy.

Local 2978

D. Any system of grievance resolution or review of adverse action negotiated between the District and a labor organization shall take precedence over the procedures of this subchapter for employees in a bargaining unit represented by a labor organization. To the Court, the Plaintiff is a member of a bargaining unit, so I ask the question why wasn't I the Plaintiff represented by my labor organization (Local 2978).

Thank you

| | |
|---|---|
| 834 | **EFFECT OF POSITION CHANGE ON EMPLOYEE RIGHTS** |
| 834.1 | Except as waived in accordance with § 833.2, an employee's rights and benefits with respect to continued employment shall not be reduced by promotion, demotion, or reassignment. |
| 834.2 | The personnel authority shall determine whether a position change of an employee affects a requirement that a suitability investigation must be accomplished. |
| 834.3 | The promotion, demotion, or reassignment of an employee in the Career Service before he or she has completed probation shall be subject to completion of the probationary period in the new position. |
| 835 | **EFFECTIVE DATE FOR IMPLEMENTING A POSITION CHANGE** |
| 835.1 | A position change shall not be made effective before necessary classification action has been completed; the employee has met qualification and other requirements; and, in the case of a position change involving involuntary reduction in grade, rank, or pay, that applicable advance notice and decision requirements have been satisfied. |
| 836 | **PLACEMENT BY REASSIGNMENT OR DEMOTION** |
| 836.1 | A personnel authority may fill a vacancy by reassignment of a Career Service appointee to a position, either competitively or noncompetitively; provided that any noncompetitive reassignment is to a continuing position at the same grade, there is no diminution in the rights and benefits of the employee, and the position has no greater promotion potential than the position previously held. |
| 836.2 | A temporary reassignment may be made for a period not to exceed one (1) year; and the employee may be restored to his or her former position without the use of adverse action procedures. |
| 836.3 | A temporary reassignment exceeding one hundred twenty (120) days to a position with established promotion potential greater than the currently held position shall be effected competitively. |
| 836.4 | A temporary reassignment may be extended for one (1) year with the prior approval of the personnel authority. |
| 836.5 | An involuntary demotion of a Career Service employee shall be made by either of the following:<br><br>(a)  By adverse action procedures in accordance with chapter 16 of these regulations; or<br><br>(b)  By reduction-in-force procedures in accordance with chapter 24 of these regulations. |
| 836.6 | An employee may voluntarily accept a lower-graded position, provided that the position has no greater promotion potential than the position currently held, and that a waiver is executed in accordance with § 833.2. |
| 836.7 | An employee may voluntarily accept a position with lesser rights or benefits, provided that a waiver is executed in accordance with § 833.2. |

Case 1:06-cv-01347-EGS   Document 16   Filed 03/26/2007   Page 9 of 10

32 DCR 1857 (4/5/85); 35 DCR 1087 (2/19/88); 36 DCR ... (8/25/89); ... 37 DCR 7117 (11/9/90); 45 D... ; 47 DCR 2419 (7/00)   8-I 23

      (g)    Repromotion to a grade ... from which an employee was demoted without personal cause ... not at his or her request;

      (h)    Consideration of a candidate not given proper consideration in a competitive promotion action; or promotion of an employee who was denied promotion as a result of other error, on order of the Office of Personnel or personnel authority;

      (i)    Reassignment or transfer to a position of the same or equivalent grade, including a reassignment from a nonsupervisory to a supervisory position or a nonmanagerial to a managerial position (as specified in § 815), with no known promotion potential;

      (j)    Restoration to duty at a grade no higher than the last position held; and

      (k)    Selection for detail of two hundred forty (240) days or less to a higher grade position or to a position with known promotion potential.

830.2    For purposes of this section, the following term has the meaning ascribed:

Planned management action—an action wherein management has a recognized option or alternative to assign work between two (2) or more employees, and assigns the work to a particular employee.

**831**    **QUALIFICATION REQUIREMENTS**

831.1    A person who is being considered for a position shall meet the minimum qualification requirements established for the position.

**832**    **LENGTH OF SERVICE AND EXPERIENCE**

832.1    Except as required by these regulations, length of service, length of experience, or time in position shall not be used as an evaluation factor unless there is a clear and positive relationship with quality of performance, based upon determination that there are increases in accuracy, speed of performance, quality of workmanship, versatility, responsibility, and so forth, which normally accompany greater length of service or greater experience in the job and which cannot be assessed more appropriately by other measurement devices.

**833**    **GENERAL RESTRICTIONS ON POSITION CHANGES**

833.1    An agency may promote an employee or reassign him or her to a different line of work, and it may transfer a present employee or reinstate a former employee of the same or another agency to a higher grade or different line of work, only after three (3) months have elapsed since the employee's latest nontemporary competitive appointment.

833.2    Any internal placement of a Career Service appointee to a position with less rights and benefits shall not be effective unless the employee has waived the rights and benefits in writing; and the waiver shall be made a permanent part of the employee's Official Personnel Folder.

## § 1-616.51

GOVERNMENT ORGANIZATION

### Prior Codifications

1981 Ed., § 1-617.51.

### Legislative History of Laws

For legislative history of D.C. Law 12-124, see Historical and Statutory Notes following § 1-603.01.

### Miscellaneous Notes

Applicability of § 101(s) of D.C. Law 12-124: Section 401(a) of D.C. Law 12-124, as amended by § 9 of D.C. Law 12-264, provided that § 101(k), (p), (s), and (x) of the act shall apply upon the enactment of legislation by the United States Congress that states the following: "Notwithstanding any other law, section 101(k), (p), (s), and (x) of the Omnibus Personnel Reform Amendment Act of 1998, D.C. Law 12-124, effective June 11, 1998, are enacted into law."

Construction of Law 12-124: Section 301 of D.C. Law 12-124 provided that nothing in the act shall be construed as superseding the provisions of the National Capital Revitalization and Self-Government Improvement Act of 1997, approved August 5, 1997 (Public Law 105-33; 111 Stat. 712), except that § 47-395.04(b)(3) is expressly superseded. Further, nothing in the act shall be construed as superseding the provisions of § 47-391.01 et seq., or of § 164 of the District of Columbia Appropriations Act, 1998, approved November 19, 1997 (Public Law 105-100; 111 Stat. 2160).

### Library References

**Key Numbers**
District of Columbia ⟨key⟩7.
Westlaw Topic No. 132.

**Encyclopedias**
C.J.S. District of Columbia § 7.

## § 1-616.52. Disciplinary grievances and appeals.

(a) An official reprimand or a suspension of less than 10 days may be contested as a grievance pursuant to § 1-616.53 except that the grievance must be filed within 10 days of receipt of the final decision on the reprimand or suspension.

(b) appeal from a removal, a reduction in grade, or suspension of 10 days or more may be made to the Office of Employee Appeals. When, upon appeal, the action or decision by an agency is found to be unwarranted by the Office of Employee Appeals, the corrective or remedial action directed by the Office of Employee Appeals shall be taken in accordance with the provisions of subchapter I of this chapter within 30 days of the OEA decision.

(c) A grievance pursuant to subsection (a) of this section or an appeal pursuant to subsection (b) of this section shall not serve to delay the effective date of a decision by the agency.

(d) Any system of grievance resolution or review of adverse actions negotiated between the District and a labor organization shall take precedence over the procedures of this subchapter for employees in a bargaining unit represented by a labor organization. If an employee does not pay dues or a service fee to the labor organization, he or she shall pay all reasonable costs to the labor organization incurred in representing such employee.

MERIT PERSONNEL SYSTEM

§ 1-616.52

(f) An employee shall be deemed to have exercised their option pursuant to subsection (e) of this section to raise a matter either pursuant to statutory procedures or under the negotiated grievance procedure at such time as the employee timely files an appeal under this section or timely files a grievance in writing in accordance with the provisions of the negotiated grievance procedure applicable to the parties, whichever event occurs first.

(Mar. 3, 1979, D.C. Law 2-139, § 1652, as added June 10, 1998, D.C. Law 12-124, § 101(s), 45 DCR 2464; Apr. 12, 2000, D.C. Law 13-91, § 103(s), 47 DCR 520.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed., § 1-617.52.

**Effect of Amendments**
D.C. Law 13-91 validated previously made technical amendments to subsecs. (d) and (e).

**Legislative History of Laws**
For legislative history of D.C. Law 12-124, see Historical and Statutory Notes following § 1-603.01.

**Miscellaneous Notes**
Applicability of § 101(s) of D.C. Law 12-124: see Historical and Statutory Notes following § 1-616.51.

### Library References

**Key Numbers**
District of Columbia ⟨key⟩7.
Westlaw Topic No. 132.

**Encyclopedias**
C.J.S. District of Columbia § 7.

## § 1-616.53. Grievances.

(a) The Mayor, the District of Columbia Board of Education, and the Board of Trustees of the University of the District of Columbia shall issue rules and regulations providing procedures for the prompt handling of grievances of employees and applicants for employment. The grievance system shall be made known to all employees and shall provide for an alternative dispute resolution mechanism. The grievance system shall provide for the expeditious adjustment of grievances and complaints.

(b) Except when an employee is grieving a disciplinary action pursuant to § 1-616.52, no employee or applicant shall present a grievance concerning an action more than 45 days, not including Saturdays, Sundays, or legal holidays, after the date that the employee knew or should have known of the occurrence that is the subject of the grievance.

(Mar. 3, 1979, D.C. Law 2-139, § 1653, as added June 10, 1998, D.C. Law 12-124, § 101(s), 45 DCR 2464.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed., § 1-617.53.

**Miscellaneous Notes**