UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DALE JACKSON,<br><br>            Plaintiff,<br><br>            v.<br><br>DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH, *et al.*,<br><br>            Defendants. | Civil Action No. 06-1347 (EGS) |

**MEMORANDUM OPINION**

Pro se plaintiff Dale Jackson has brought this case against the District of Columbia Department of Health ("DOH") and the American Federation of Government Employees ("AFGE").[1] Plaintiff alleges that DOH improperly altered his work detail and that AFGE did not meet its obligation to assist him with his DOH matter. Currently pending before the Court are motions to dismiss the case filed by both defendants, which argue for dismissal on a number of grounds including lack of subject matter jurisdiction. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court determines that it lacks jurisdiction over this case. Therefore,

---

[1] It is unclear whether plaintiff brings suit against AFGE National Headquarters or AFGE, Local 2978. The Court need not resolve this question, however, because one motion was filed on behalf of both organizations, which, in relevant part, puts forth arguments that do not depend on which entity is the defendant.

1

for the reasons stated herein, defendants' motions to dismiss are **GRANTED**.

## BACKGROUND

According to his amended complaint, plaintiff has worked for DOH for the past fifteen years. Plaintiff claims that approximately two years ago he was temporarily assigned to a DOH drug prevention program known as "APRA" after DOH received complaints regarding plaintiff's conduct. Plaintiff alleges that the investigation leading to this reassignment was improper and that this reassignment should have been limited to sixty days, but instead has continued until the present. Plaintiff also alleges that DOH slandered him with regard to his work in the funeral home industry because there were allegations that he engaged in funeral home work during his DOH job hours. Finally, plaintiff claims that AFGE breached its union contract with him in connection with his grievances against DOH. In response to the amended complaint, both defendants move to dismiss the case on several grounds, including lack of jurisdiction.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sparrow v. United Air Lines*, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000) (citations omitted). The Court will

accept as true all factual allegations in the complaint, and give plaintiff the benefit of all inferences that can be drawn from the facts alleged.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).  "Moreover, consistent with the leniency afforded pro se plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable."  *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is virtually identical to that used for 12(b)(6) motions, except that the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues.  *Caesar v. United States*, 258 F. Supp. 2d 1, 2 (D.D.C. 2003).  In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction.  *Id.* at 3.

## ANALYSIS

Both defendants argue that the Court lacks subject matter jurisdiction and should dismiss the case under Rule 12(b)(1) because plaintiff's claims can only be pursued under the Comprehensive Merit Personnel Act ("CMPA").  As the plaintiff is pro se and unsophisticated in the law, the Court has made a concerted effort to discern any possible counter-argument to defendants' contentions, but to no avail.

The CMPA was enacted to provide employees of the District of Columbia an impartial and comprehensive administrative scheme for resolving employee grievances. *Holman v. Williams*, 436 F. Supp. 2d 68, 74 (D.D.C. 2006). The District of Columbia Court of Appeals has consistently held that, with only one exception, the CMPA is the exclusive avenue for aggrieved employees of the District of Columbia to pursue work-related complaints. *Id.*; *see Baker v. Dist. of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (holding that CMPA is exclusive remedy for D.C. employees and that "the Superior Court is not an alternative forum . . ., but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); *Robinson v. Dist. of Columbia*, 748 A.2d 409, 411-12 (D.C. 2000) (holding that the only exception is for torts based on a claim of sexual harassment). Under the CMPA, an employee must bring an employee grievance to the District of Columbia Public Employee Relations Board ("PERB"). *Lightfoot v. Dist. of Columbia*, 2006 WL 54430, at *8 (D.D.C. Jan. 10, 2006). And only after a final order of the PERB has been issued can the plaintiff seek judicial review, which must commence in the Superior Court of the District of Columbia. *Id.*

The CMPA defines a "grievance," in relevant part, as "any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees . . . ." *Holman*, 436 F. Supp. 2d at 74 (quoting D.C.

Code § 1-603.01(10)).  Plaintiff's claim regarding his DOH transfer falls within the broad definition of grievance, and thus must be pursued under the CMPA.  In addition, common law tort claims such as plaintiff's defamation claim are also considered grievances and must be pursued through CMPA procedures.  *See id.; Baker*, 785 A.2d at 697-98 (holding that CMPA is exclusive remedy for litigating such defamation claims).

Finally, under the CMPA, the PERB has exclusive jurisdiction over disputes involving grievances under a collective bargaining agreement, regardless of whether claims against a union allege a breach of the duty of fair representation or breach of contract.  *Cooper v. AFSCME, Local 1033*, 656 A.2d 1141, 1141-43 (D.C. 1995).  Therefore, plaintiff's claim against AFGE also falls under the CMPA.  As all of plaintiff's claims are preempted by the CMPA, this Court lacks subject matter jurisdiction over them.  *See Holman*, 436 F. Supp. 2d at 74 ("Preemption by the CMPA divests the trial court – whether it be the Superior Court or this Court – of subject matter jurisdiction.").

## CONCLUSION

The Court concludes that it lacks jurisdiction over plaintiff's claims.  Therefore, defendants' motions to dismiss are **GRANTED**, and plaintiffs' claims are **DISMISSED with prejudice**.  An appropriate Order accompanies this Memorandum Opinion.

5

```
Signed:    Emmet G. Sullivan
           United States District Judge
           May 3, 2007
```