**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

DALE JACKSON,                                    )
                                                 )
                         Plaintiff,              )
        v.                                       )
                                                 )    Civil Action No. 06-1347-EGS
DISTRICT OF COLUMBIA DEP'T OF                    )    Judge Emmet G. Sullivan
HEALTH, *et al*.,                                )
                                                 )
                                                 )
                         Defendants.             )
_____)

**DEFENDANT AFGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION**

Defendants American Federation of Government Employees National Union and

American Federation of Government Employees, Local 2978, (collectively, and for

purposes of this opposition only, "AFGE") hereby oppose plaintiff's Motion for

Reconsideration, entered by the Clerk of the Court on September 7, 2007.

AFGE respectfully requests that the Court deny plaintiff's Motion for

Reconsideration in its entirety for two reasons.  One, to the extent that plaintiff's Motion

for Reconsideration may be construed as a Motion to Alter or Amend Judgment pursuant

to Fed. R. Civ. P. 59(e), the Court should deny plaintiff's motion because it is untimely.

Two, to the extent that plaintiff's Motion for Reconsideration may be construed as a

Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b), the Court should

deny plaintiff's motion because it fails to provide any reason that justifies relieving

plaintiff from the Court's judgment in this case.

**BACKGROUND**

Plaintiff initially filed this case on July 31, 2006. Plaintiff then filed a first amended complaint on August 1, 2006. Thereafter, on September 5, 2006, AFGE moved to dismiss plaintiff's case against AFGE for lack of subject matter jurisdiction, and for failure to state a claim upon which relief could be granted ("Motion to Dismiss" or "*AFGE Mot. to Dismiss*"). Subsequently, plaintiff filed multiple oppositions to AFGE's Motion to Dismiss (collectively "Plaintiff's Oppositions" or "*Plaintiff's Opps. To Mot. to Dismiss*").

After full briefing by the parties, on May 3, 2007, the Court issued an order dismissing all of plaintiff's claims against AFGE with prejudice. In its order, the Court specifically provided that its order was a final and appealable order as described in Fed. R. App. P. 4(a). Following the Court's May 3, 2007, order, plaintiff did not appeal the Court's order nor did plaintiff move the Court to reconsider its order. Thus, on May 23, 2007, the Clerk of the Court entered final judgment for the defendants in this case.

Again, following the Clerk's entry of judgment, plaintiff did not appeal the final judgment. Likewise, plaintiff did not immediately move the Court to reconsider the judgment. Instead, and without providing any explanation for his delay, plaintiff has waited until more than three months after the Clerk's entry of judgment before bringing his instant Motion for Reconsideration. Moreover, in his motion, plaintiff does not articulate any new argument or put forth any new evidence. Plaintiff merely repeats his earlier allegation (that was considered and rejected by the Court) that AFGE breached a

contract with him.[1]  Additionally, in support of his motion and as putative evidence of

this contract, plaintiff has filed a partial copy of an expired collective bargaining

agreement between the Government of the District of Columbia, Department of Human

Services, and AFGE, Local 2978.  *See* Plaintiff's September 5, 2007, Notice to Court.


**ARGUMENT**

      As indicated above, the Court should deny Plaintiff's Motion for Reconsideration

because it is untimely, and because it fails to raise any grounds warranting plaintiff's

relief from judgment.

    **I.**      **TO THE EXTENT THAT PLAINTIFF'S MOTION FOR
RECONSIDERATION MAY BE CONSTRUED AS A MOTION TO
ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV.P.
59(e), THE COURT SHOULD DENY PLAINTIFF'S MOTION
BECAUSE IT IS UNTIMELY**

      In order to be timely, a Motion to Alter or Amend Judgment must be filed with

the Court no later than ten days after entry of the judgment.  Fed. R. Civ. P. 59(e); *see*

*also Derrington-Bey v. District of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225

(D.C. Cir. 1994) ("District courts do not have even the customary discretion given by

Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period.")

      Here, the Clerk entered the judgment on May 23, 2007.  *See* docket entry no. 20.

Thus, even excluding intervening Saturdays, Sundays, and Holidays, the last possible day

that plaintiff could have filed a timely Rule 59(e) motion was June 6, 2007.  Plaintiff,

however, did not file his Motion for Reconsideration until (at the earliest) August 30,

2007.  *See* docket entry no. 21.  Therefore, to the extent that plaintiff's motion for

---

[1] Plaintiff also indicates that he is suing for mental anguish.  Plaintiff presents no

reconsideration may be construed as a Motion to Alter or Amend Judgment, the Court

should deny plaintiff's motion because it is untimely.

Moreover, even assuming *arguendo* that plaintiff's motion was timely filed, it

should be denied on its merits.  It is settled law that, "[m]otions under Fed. R. Civ. P.

59(e) are disfavored and relief from judgment is granted only when the moving party

establishes extraordinary circumstances."  *Lightfoot, et al., v. District of Columbia, et al.*,

355 F.Supp.2d 414, 421 (D.D.C. 2005), *quoting Niedermeier v. Office of Baucus*, 153

F.Supp.2d 23, 28 (D.D.C. 2001).  "Indeed, the law is clear that a "Rule 59(e) motion is

not a second opportunity to present argument upon which the Court has already ruled, nor

is it a means to bring before the Court theories or arguments that could have been

advanced earlier."  *Lightfoot* at 421, *quoting W.C. & A.N. Miller Co. v. United States*, 173

F.R.D. 1, 3 (D.D.C. 1997).

Here, plaintiff's Motion for Reconsideration is predicated on his previously

dismissed Breach of Contract claim.  *See* Motion for Reconsideration at 2 ("The plaintiff

and the Defendant have a legal contract within the United States which has been broken

by Defendant.")  This claim was fully briefed by both AFGE and plaintiff, and plaintiff's

reassertion of it now is nothing more than an improper attempt by plaintiff to obtain a

second bite at the apple.  *See AFGE Mot. to Dismiss*, pgs. 3-7; *see also Plaintiff's Opps.*

*To Mot. to Dismiss, passim.*

Moreover, in support of his Motion for Reconsideration plaintiff submits the same

exhibits that he previously submitted in opposition to AFGE's Motion to Dismiss.  For

example, plaintiff again submits what purports to be a copy of a letter that plaintiff

---

argument or evidence on this claim and it should, therefore, be rejected.

allegedly sent to AFGE, seeking the union's assistance in contesting his reassignment.

*Compare* docket entry no. 21 (Motion for Reconsideration) *with* docket entry no. 9 (one

of Plaintiff's Oppositions to AFGE's Motion to Dismiss).  Not only has the Court

previously examined this letter, but, as explained more fully *infra*, the substance of this

letter further demonstrates that the Court lacks subject matter jurisdiction over plaintiff's

claims against AFGE.

Thus, plaintiff's motion does not raise any argument nor identify any evidence

that was not before the Court when the Court issued its judgment in this case.  Therefore,

and for the reasons explained above, to the extent that plaintiff's motion may be

construed as a motion pursuant to Rule 59(e), the Court should deny plaintiff's motion.

**II.     TO THE EXTENT THAT PLAINTIFF'S MOTION FOR
RECONSIDERATION MAY BE CONSTRUED AS A MOTION FOR
RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b),
THE COURT SHOULD DENY PLAINTIFF'S MOTION BECAUSE IT
FAILS TO PROVIDE ANY REASON THAT JUSTIFIES RELIEVING
PLAINTIFF FROM THE COURT'S JUDGMENT IN THIS CASE**

Like its Rule 59(e) counterpart, a Motion for Relief from Judgment pursuant to

Fed. R. Civ. P. 60(b) is rarely granted.  *See Hall v. Central Intelligence Agency*, 437 F.3d

94, 99 (D.C. Cir. 2006) ("Relief under Rule 60(b)(1) motions is rare; such motions allow

district courts to correct only limited types of substantive errors.")  More specifically:

> [i]n its discretion, the court may relieve a party from an otherwise
> final judgment pursuant to any one of six reasons set forth in
> Rule 60(b). FED.R.CIV.P. 60(b); *Lepkowski v. Dep't of Treasury,*
> 804 F.2d 1310, 1311-12 (D.C.Cir.1986). First, the court may
> grant relief from a judgment involving "mistake, inadvertence,
> surprise, or excusable neglect." FED.R.CIV.P. 60(b). Such relief
> under Rule 60(b) turns on equitable factors, notably whether any
> neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick
> Associates Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123
> L.Ed.2d 74 (1993). Second, the court may grant relief where
> there is "newly discovered evidence" that the moving party could

not have discovered through its exercise of due diligence. FED.R.CIV.P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.; Mayfair Extension, Inc. v. Magee,* 241 F.2d 453, 454 (D.C.Cir.1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.,* 150 F.R.D. 1, 7 (D.D.C.1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED.R.CIV.P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir.1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed ... or it is no longer equitable that the judgment should have prospective application." FED.R.CIV.P. 60(b); *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1138 (D.C.Cir.1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any ... reason justifying [such] relief." FED.R.CIV.P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.,* 507 U.S. at 393,113 S.Ct.1489.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED.R.CIV.P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id.* The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir.2002).

*Sieverding, et al., v. American Bar Association, et al.*, 466 F.Supp.2d 224, 227 (D.D.C.

2006).

In a nutshell, "[t]o obtain Rule 60(b) relief, the movant must give the district

court, "reason to believe that vacating the judgment will not be an empty exercise or a

futile gesture." *Norman v. United States and Erie Insurance Group*, 467 F.3d 773, 775

(D.C. Cir. 2006), *quoting Murray v. District of Columbia*, 52 F3d 353, 355 (D.C. Cir.

1995).  Thus, a district court, "does not abuse it discretion in denying reconsideration

where the movant fails to demonstrate "a potentially meritorious claim or defense to the

motion to dismiss the complaint."  *Smalls v. United States, et al.*, 471 F.3d 186, 192

(D.C. Cir. 2006), *quoting Murray*, *supra*; *see also West v. Spellings*, Slip Copy, 2007 WL

2059731 (D.D.C. 2007) (denying motion for reconsideration where motion simply

reasserted previously made arguments, failed to present any change in controlling law,

new evidence, need to correct a clear error or manifest injustice, and failed to show any

extraordinary circumstances warranting relief from judgment).

　　　　Here, plaintiff does not offer any new argument or evidence that could

conceivably warrant Rule 60(b) relief.  As discussed above, plaintiff's Motion for

Reconsideration simply reasserts plaintiff's previously made arguments regarding his

Breach of Contract claim.  No matter how plaintiff seeks to recast or reassert his Breach

of Contract claim, however, this claim (like all of plaintiff's claims against AFGE, and

for the reasons explained in AFGE's Motion to Dismiss) remains completely preempted

by the District of Columbia Comprehensive Merit Personnel Act, D.C. Code § 1-601.01,

*et seq*.  *See e.g. Cooper v. AFSCME, Local 1033*, 656 A.2d 1141 (D.C. 1995).

　　　　In fact, by presenting the Court with a partial copy of an expired collective

bargaining agreement as putative evidence of the contract that was allegedly breached in

this case, and by resubmitting his alleged letter seeking AFGE's assistance in contesting

his reassignment, plaintiff indelibly demonstrates that the Court correctly dismissed this

case with prejudice for lack of subject matter jurisdiction.  This is so because: 1) claims

that a union failed to represent a bargaining unit employee (e.g. plaintiff) through a

negotiated grievance procedure, along with claims that a union breached a collective

bargaining agreement, are considered unfair labor practice claims in the District of

Columbia; and 2)  the CMPA completely preempts court review of all unfair labor

practice claims, and instead vests exclusive jurisdiction over such claims with the District

of Columbia Public Employee Relations Board.  *See* D.C. Code §1-605.02(3); *see also*

*Hawkins v. Hall*, 537 A.2d 571, 575 (D.C. 1988)("[P]rimary jurisdiction to determine

unfair labor practice claims lies with the PERB…")  Thus, there is no court that could

have primary subject matter jurisdiction over plaintiff's unfair labor practice claims

against AFGE.

Finally, to the extent that plaintiff's Motion for Reconsideration may be construed

as a motion pursuant to Rule 60(b) (4) (5) or (6), the Court should also deny plaintiff's

motion as untimely.  Plaintiff has offered no reason for his approximately three month

delay in bringing his motion, and the Court should therefore hold plaintiff's delay to be

unreasonable.

Therefore, and for the reasons above, to the extent that plaintiff's Motion for

Reconsideration may be construed as a Motion for Relief From Judgment pursuant to

Fed. R. Civ. P. 60(b), the Court should deny plaintiff's motion.

**CONCLUSION**

For all of the foregoing reasons, AFGE respectfully requests that the Court deny

Plaintiff's Motion for Reconsideration in its entirety.

Respectfully submitted,


 /s/ Mark D. Roth
Mark D. Roth (D.C. Bar No. 235473)
General Counsel


 /s/ Andres M. Grajales
Andres M. Grajales (D.C. Bar No. 476894)*
Staff Counsel
American Federation of Government
Employees, AFL- CIO
80 F Street, NW
Washington, D.C. 20001
Tel.:  (202) 639-6426
agrajales@afge.org

*Attorney of record

Counsel for AFGE

9

## CERTIFICATE OF SERVICE

I hereby affirm and certify that complete copies of AFGE's Opposition to

Plaintiff's Motion for Reconsideration in <u>Jackson v. D.C. Dep't of Health, *et al.*</u>, Civil

Action No. 06-1347-EGS, were served this 12th day of  September, 2007, on the

DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH via the Court's electronic

filing system, and via first class mail, postage prepaid, on:

>DALE JACKSON
>2926 STRAUSS TERRACE
>SILVER SPRING, MD 20904

The above two parties are also entitled to be served with any future pleadings or

orders in this matter.


 /s/Andres M. Grajales_____
Andres M. Grajales (D.C. Bar No. 476894)
American Federation of Government Employees, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
(202) 639-6426
agrajales@afge.org