UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
DALE JACKSON,                       )
                                    )
            Plaintiff,              )
                                    ) Civil Action No. 06-1347 (EGS)
      v.                            )
                                    )
DISTRICT OF COLUMBIA DEPARTMENT     )
OF HEALTH, et al.,                  )
                                    )
            Defendants.             )
                                    )
```

## MEMORANDUM OPINION AND ORDER

Pending before the Court is plaintiff's Motion for Reconsideration (Docket No. 21) of the Court's May 3, 2007 Order, which granted defendant American Federation of Government Employees' motion to dismiss the complaint and defendant District of Columbia Department of Health's motion to dismiss the complaint. Construed liberally, pro se plaintiff's Motion for Reconsideration is either a motion to alter or amend judgment, *see* Fed. R. Civ. P. 59(e), or a motion for relief from judgment, *see* Fed. R. Civ. P. 60(b).

If plaintiff's Motion for Reconsideration is construed as a motion to alter or amend judgment, it is untimely. The court issued its Order dismissing plaintiff's case with prejudice on May 3, 2007, and the clerk of the court entered judgment on the same day. Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff had ten days to request an amendment of the Court's Order, which, excluding weekends and legal holidays, gave

plaintiff until May 17, 2007 to file any such motion; yet, plaintiff's motion to reconsider was not filed until August 30, 2007. Plaintiff's motion is clearly untimely.

If plaintiff's motion is construed as a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b), plaintiff fails to present any new evidence, or any other reason justifying relief, to controvert the ruling of this Court's May 3, 2007 decision that the Comprehensive Merit Personnel Act ("CMPA") precludes plaintiff from initiating his employment suit in the United States District Court for the District of Columbia. As the Court has informed plaintiff, his employee grievances properly lie before the Public Employees Relations Board ("PERB"). *See Jackson v. Dist. of Columbia Dep't of Health*, 2007 WL 1307891, at *2 (D.D.C. May 3, 2007). *See also Lightfoot v. Dist. of Columbia*, 2006 WL 54430, at *8 (D.D.C. Jan. 10, 2006). Plaintiff cannot create jurisdiction in the United States District Court where the Comprehensive Merit Personnel Act dictates otherwise.

Upon consideration of the motion, the response and reply thereto, and the record herein, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            November 14, 2007**